UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAMIAN SHEEHAN,

      Plaintiff,

v.                                                CASE No. 8:13-CV-2175-T-17TGW

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, I recommend that the decision be affirmed.

I.

      The plaintiff, who was forty-seven years old at the time of the administrative decision and who has an eleventh grade education, has worked

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

as a cable installer, cable installation supervisor, operating engineer, utility worker, animal keeper, and welder (Tr. 97-99). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a back injury, neck injury, nerve damage, muscle damage, depression, and back, neck, and head pain (Tr. 177). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "bipolar disorder, posttraumatic stress disorder, and chronic low back pain status post discectomy in 2009" (Tr. 24). She concluded that these impairments restricted the plaintiff to medium work but limited to simple and routine tasks (Tr. 26-27). She determined that these limitations prevented the plaintiff from performing past work. However, based on the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as cashier, hand packager, and kitchen helper (Tr. 31). Accordingly, the law judge decided that the plaintiff was not disabled (id.).

The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff was involved in a motor vehicle accident in August 2009.  He subsequently developed neck and lower back pain.  The law judge concluded that these impairments limited the plaintiff to medium exertional work, but did not render him disabled.

The plaintiff challenges the law judge's decision on three grounds: (1) the law judge failed to show good cause for rejecting the opinion of Dr. Frank B. Gomes, the plaintiff's treating neurosurgeon; (2) the law judge erred in finding that the plaintiff could perform the full range of light work; and (3) the Commissioner failed to show that there was other work in the national economy that the plaintiff could perform (Doc. 19, p. 1).  None of these contentions warrants reversal.[2]

---

[2]Notably, the plaintiff testified, and the law judge found, that the plaintiff suffered from mental impairments. The law judge concluded that the plaintiff suffered from bipolar disorder and posttraumatic stress disorder (Tr. 24), and accordingly restricted the plaintiff to simple, routine tasks (Tr. 27). The plaintiff makes no contention concerning his mental impairments. Therefore, in light of the Scheduling Order and Memorandum Requirements, any such contentions are forfeited (Doc. 13, p. 2).

The plaintiff, as indicated, contends first that the law judge did not provide good cause for discounting the opinions of Dr. Gomes. Opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge discussed the evidence set out in Dr. Gomes's notes (Tr. 28). She subsequently stated (Tr. 29) (emphasis in original):

> The undersigned places **minimal weight** on the January 2010 and April 2010 opinions of Frank Gomes, M.D. (Exhibit 2F/51, 72), who stated that the claimant should avoid lifting anything over 20 pounds and not perform repetitive bending or high impact activities. He also stated in April 2011 that the claimant was totally and permanently disabled (Exhibit 11F/3). This opinion does not have controlling weight as specified under Social Security Ruling 96-2p because it was not consistent with his own medical records,.[sic] For example, the January 2011 x-ray with normal signs (Exhibit 3F/1) and an MRI with unremarkable

results in June 2010 (Exhibit 2F/235-236) diminish Dr. Gomes's severity assessment. Similarly, this opinion contradicts the claimant's statements as noted above including the fact that the claimant did not take medicine as prescribed. Because the claimant does not exhibit the extreme exacerbations in the record that Dr. Gomes alleged in his medical source statement, his opinion is not supported by nor is consistent with the overall medical evidence of record.

Thus, the law judge noted that Dr. Gomes had stated two different opinions. In January and April 2010, Dr. Gomes restricted the plaintiff to lifting no more than 20 pounds (Tr. 353, 374 (no lifting over 20 to 25 pounds); see also Tr. 352 (note of December 10, 2009: no lifting over 25 to 30 pounds)). A year later, Dr. Gomes opined that the plaintiff was totally and permanently disabled and required a motorized wheel chair (Tr. 601).

The law judge adequately explained why she discounted Dr. Gomes's opinion that the plaintiff was totally disabled. Thus, the law judge pointed out that the opinion was inconsistent with his own records, such as a normal X-ray in January 2011 and an unremarkable MRI in June 2010 (Tr. 29). The plaintiff has not pointed to any objective medical findings that

refute the law judge's assessment. The best the plaintiff can do is refer to findings from 2009 (Doc. 19, p. 20). However, those findings were from before Dr. Gomes performed his laser surgery on the plaintiff's lower back.

The law judge also discounted the opinion of total disability because it was contradicted by the plaintiff's testimony that he was not taking any pain medication (Tr. 29). The plaintiff regularly stated that he suffered pain at the level of 9 or 10 out of 10. He testified, nevertheless, that he was not taking any pain medication "because the side effects of the medications that have been prescribed to me cause even more pain" (Tr. 87). The plaintiff added that he had no primary care doctor and had not seen any doctor for about six months prior to the hearing (Tr. 88). In light of these circumstances, the law judge could reasonably conclude, as she did, that the plaintiff's testimony was not fully credible (Tr. 27, 28).[3] Significantly, the plaintiff has not challenged the law judge's credibility determination. Accordingly, the law judge could reasonably think that the subjective

---

[3]In this respect, the law judge asked the plaintiff why his employment record before his motor vehicle accident was so sporadic, and the plaintiff answered that he "just work[ed] when [he] wanted to" (Tr. 84).

complaints the plaintiff was stating to Dr. Gomes in April 2011 were not fully credible.

The law judge also discounted Dr. Gomes's opinion of total disability because of "the extreme exacerbations" that the doctor stated (Tr. 29). The law judge could reasonably find that the record does not support a substantial deterioration in the plaintiff's condition from April 2010 to April 2011.

The law judge therefore adequately showed good cause for discounting Dr. Gomes's opinion in April 2011 of total disability.

Dr. Gomes, however, in 2010 was expressing less extreme opinions regarding the plaintiff's functional ability. Thus, he was opining that the plaintiff should be limited to lifting about 20 pounds, and no more than 30 pounds at the most. These opinions do not support a finding of an ability to perform medium work, since that level requires the ability to lift and carry 50 pounds. Consequently, in order to arrive properly at a decision that the plaintiff could perform medium work, the law judge needed to articulate good cause for discounting Dr. Gomes's opinions regarding lifting between 20-30 pounds.

The law judge, however, did not state any reasons for discounting those opinions. Her discussion regarding Dr. Gomes's opinions focused on the opinion regarding total disability. The law judge's failure to explain why she was discounting Dr. Gomes's opinions concerning lifting restrictions was error.

The Commissioner argues, in a footnote, that any error by the law judge in declining to adopt Dr. Gomes's lifting restrictions was harmless (Doc. 20, p. 6 n.4). In this respect, the Commissioner points out that one of the jobs identified by the vocational expert, and accepted by the law judge, as within the plaintiff's residual functional capacity was that of cashier II. That is a job involving light work, so that it only requires lifting 20 pounds occasionally and 10 pounds frequently. Those limitations would seem to be consistent with Dr. Gomes's lifting restrictions.

Significantly, the law judge's inquiry of the vocational expert concerning jobs that the plaintiff could perform was not limited to medium work. The hypothetical question that the law judge posed to the expert assumed an individual able to lift and carry 50 pounds occasionally and 25 pounds frequently, stand or walk about six hours of an eight-hour work day,

sit about six hours of an eight-hour work day, but limited to simple, routine tasks (Tr. 99-100). The expert asked, "do you specifically want them at the medium level, or does it matter?" (Tr. 100). The law judge responded, "[i]f you can give me a variety, that would be good" (id.). Accordingly, the expert stated he would start at the light level and that the hypothetical individual could work as a cashier, which is light, unskilled work (id.). Consequently, the hypothetical question was not limited to medium level work, but included light work as well.

As indicated, the Commissioner argues that, under these circumstances, any error by the law judge in declining to adopt, or explain her rejection of, Dr. Gomes's opinion of a 20-pound lifting restriction was harmless. Since this contention was not addressed in the plaintiff's memorandum, I afforded the plaintiff an opportunity to file a reply memorandum on that issue (Doc. 21).

The plaintiff's reply did not provide a cogent or persuasive answer to the Commissioner's argument of harmless error. The plaintiff places primary emphasis in his reply on Dr. Gomes's opinion of total

disability on April 28, 2011 (Doc. 24, pp. 2-4). As previously explained, however, the law judge reasonably and adequately discounted that opinion.

The plaintiff also refers to a restriction on overhead reaching and suggests that the expert's testimony does not address that restriction (id., p. 3). That response is unavailing for several reasons.

In the first place, the only opinion from Dr. Gomes stating an overhead lifting restriction was on November 18, 2009, which was before Dr. Gomes performed his laser surgery (Tr. 298). Dr. Gomes's opinions of December 10, 2009 (Tr. 352), January 14, 2010 (Tr. 353), and April 25, 2010 (Tr. 374), contained no limitations on overhead reaching.

Furthermore, there is no reason to think that the job of cashier involves significant overhead reaching.

In all events, the plaintiff was represented at the hearing by counsel, who cross-examined the expert on several points concerning the jobs she had identified (Tr. 101-03). Counsel asked no questions concerning overhead reaching.

Importantly, once the expert identifies jobs that the plaintiff can perform, the burden shifts to the plaintiff to prove that he was unable to

perform those jobs. <u>Jones</u> v. <u>Apfel</u>, 190 F.3d 1224, 1228 (11th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1089 (2000). The plaintiff has failed to show that he is unable to perform the job of cashier due to a limitation on overhead reaching or anything else.

In sum, the law judge erred in failing to explain why she did not accept Dr. Gomes's opinions that the plaintiff was limited to lifting or carrying 20 pounds (or more). The Commissioner points out, however, that the error was harmless because the expert testified, and the law judge found, that the plaintiff could perform the light work job of cashier. That job is consistent with Dr. Gomes's lifting restriction.

The plaintiff's second contention is that the law judge's finding that the plaintiff "can perform the full range of light work" was erroneous because it relied in part on the decision of a single decision-maker (Doc. 19, p. 22).[4] This contention is predicated upon the view that a single decision-maker, whose decision is not entitled to any weight, concluded that the

---

[4]The statement of this issue is an acknowledgment that the law judge did not limit her inquiry of the vocational expert to medium work, but included light work as well. However, it is incorrect to say that the law judge found that the plaintiff could perform the "full range of light work" since the law judge imposed a restriction to simple and routine tasks (Tr. 27).

plaintiff could perform medium work and her decision was affirmed by a non-examining reviewing doctor, Dr. Edmund Molis (Tr. 570). Contrary to the plaintiff's contention, there is no indication that Dr. Molis merely relied on the single decision-maker's assessment. Rather, Dr. Molis indicated that he had "reviewed all the medical evidence on file" before affirming the prior assessment of medium work (id.).

Nevertheless, the doctor's opinion is problematic. In the first place, unlike many reviewing doctors, Dr. Molis did not explain his opinion. More significantly, since the law judge did not properly discount Dr. Gomes's opinion of lifting restrictions, the reviewer's opinion must yield to the treating doctor's opinion. Sharfarz v. Bowen, 825 F.2d 278 (11th Cir. 1987). In other words, Dr. Gomes's opinion that that plaintiff is limited to lifting 20 pounds (or more) overcomes Dr. Molis's implicit finding that the plaintiff could lift 50 pounds. Thus, the law judge erred in giving significant weight to Dr. Molis's opinion.

However, for essentially the same reasons previously explained, this error is also harmless. Thus, Dr. Gomes's lifting restrictions of 20

pounds (or more) prevail over Dr. Molis's assessment. And the job of cashier is consistent with that opinion from Dr. Gomes.

The plaintiff's final argument is that the Commissioner failed to show that there is work in the national economy that the plaintiff can perform (Doc. 19, p. 25). This contention is refuted by the evidence that the plaintiff can perform the job of cashier.

Moreover, the plaintiff has not specified any functional limitations that should have been included in the hypothetical question, but were not. In light of the Scheduling Order and Memorandum Requirements, this unsupported contention is forfeited (Doc. 13, p. 2).

Furthermore, to the extent the plaintiff is suggesting that the hypothetical question needed to include the extreme limitations set forth in Dr. Gomes's opinion of April 28, 2011, that suggestion is meritless. The law judge reasonably discounted that opinion. Under those circumstances, the limitation in that opinion did not need to be included in the hypothetical question. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error.  I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON

DATED: JULY 23, 2014     UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).